IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS, IND.
07 FEB -9 PM 12: 38
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| Christina M. Bell, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| AllianceOne Receivables Management, Inc., a Delaware corporation, | ) ) ) ) | 1:07-cv-0182-RLY JMS |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Christina M. Bell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages by reason of Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.      Plaintiff, Christina M. Bell ("Bell"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect delinquent consumer debts allegedly owed to St. Vincent for medical services.

4.      Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the

SCANNED

FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant AllianceOne was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.  On June 28, 2006, Mrs. Bell filed a Chapter 13 bankruptcy petition with her husband in a matter styled In re: Bell, S.D. Ind. Bankr. No. 06-3445-JKC-13. Listed on Schedule F of Bell's bankruptcy petition were many debts she allegedly owed for medical services, including debts owed to St. Vincent that were being collected upon by Defendant AllianceOne, see, excerpt of Bankruptcy court documents attached as Exhibit A.

6.  Accordingly, on July 1, 2006, both St. Vincent and Defendant AllianceOne were sent notice, via U.S. Mail, of Mrs. Bell's bankruptcy by the bankruptcy court, see, certificates of service to Notice Of Filing Of Chapter 13 Plan and to Chapter 13 Plan, attached as Exhibits B and C, respectively.

7.  Nonetheless, via identical letters, dated November 2, 2006 and November 6, 2006, AllianceOne demanded payment from Mrs. Bell of a debt she allegedly owed to St. Vincent. Copies of these letters are attached as Exhibits D and E, respectively.

8.  All of AllianceOne's collection actions at issue in this matter occurred within one year of the date of this Complaint and are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment On A Debt That Is Not Owed

9. Plaintiff adopts and realleges ¶¶ 1-8.

10. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

11. Attempting to collect a debt that is not owed due to a bankruptcy is false, deceptive or misleading, in violation of § 1692e of the FDCPA. See, Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004).

12. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With Consumers Represented By Counsel

13. Plaintiff adopts and realleges ¶¶ 1-8.

14. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. AllianceOne and its client, St. Vincent, were given direct notice by the bankruptcy court that Mrs. Bell was represented by an attorney in connection with her debts. By directly sending Mrs. Bell collection letters, despite notice that she was represented by bankruptcy counsel in connection with her debts, Defendant violated § 1692c(a)(2) of the FDCPA.

15.    Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Christina M. Bell, prays that this Court:

1.    Declare that Defendant's debt collection practices violated the FDCPA;

2.    Enter judgment in favor of Mrs. Bell, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Christina M. Bell, demands trial by jury.

Christina M. Bell,

By: _____
One of Plaintiff's Attorneys

Dated: February 9, 2007

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert    (Ind. Bar No.14254-02)
598 West Carmel Drive, Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)